# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARVIN L. HUGHES,
:
    Petitioner,                                    Case No. 1:10-cv-091

:          Chief Judge Susan J. Dlott
  -vs-                                         Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

      Petitioner Marvin Hughes was convicted in 2007 by a Warren County petit jury on two counts of felonious assault and acquitted on one count of aggravated robbery. After his motion for new trial was denied, he was sentenced to five years imprisonment, the term he is now serving in Respondent's custody. He appealed to the Twelfth District Court of Appeals, raising the following assignments of error:

> 1. Whether the Court committed error in its denial of Defendant's request for a new trial based upon ineffective assistance of counsel.
>
> 2. Whether the Court's failure to charge the Jury on "aggravated assault" was an abuse of discretion and a violation of Ohio Law.
>
> 3. Whether Defendant-Appellant's conviction is against the manifest weight of evidence.

(Appellant's Brief, Ex. 11 to Return of Writ, Doc. No. 5.) The court of appeals affirmed the conviction. *Id.* Ex. 13. Hughes appealed to the Ohio Supreme Court raising essentially the same

claims, but that court declined to hear the case. *Id.* Ex. 18. Hughes filed an unsuccessful application to reopen his direct appeal on an issue not raised here. Then, in February 2010, he filed the instant Petition, raising the following claims:

> **GROUND ONE:** Weather [sic] Trial Court committed error in its denial of Defendant's request for a new trial based on ineffective assistance of counsel.
>
> **GROUND TWO:** Whether the Court's failure to change the jury on "Aggravated Assault", was an abuse of discretion and a violation of Law.
>
> **GROUND THREE:** Whether Petitioner's conviction is against the manifest weight of evidence.

(Doc. #3, Petition). Respondent filed a Return of Writ accompanied by relevant portions of the state court record (Doc. No. 5) and Petitioner has responded with a Reply (Doc. No. 9). The case has been transferred to the undersigned because of the retirement of The Honorable Timothy J. Hogan, to whom it had initially been referred.

## Analysis

### Ground One

In Ground One, Hughes claims he received ineffective assistance of trial counsel because his trial attorney did not adequately explain self defense and did not obtain the attendance of witness Laura Cole, an eyewitness, to testify in Hughes' defense.

Nowhere in his Petition or Reply does Hughes suggest what it was about the defense of self-

defense that his attorney failed to explain properly to him. At trial he testified he could not remember most of what happened because he "blacked out." Thus his testimony is completely inconsistent with any presentation of a self-defense claim which is likely to be successful: how can you claim to have a memory of facts which would have established self-defense if you had understood that defense when your sworn testimony is that you do not remember key facts? Thus the first part of Hughes' first ground for relief is meritless because it is based on a claim inconsistent with his own testimony.

The second part of the first ground for relief is that Hughes received ineffective assistance of trial counsel because his counsel did not call Laura Cole, an eyewitness to the events in question, as a witness. Apparently she had been listed as a witness by the State but did not appear, either because she was not subpoenaed or because she failed to honor the subpoena.

Respondent asserts this portion of the first ground for relief is procedurally defaulted by Hughes' failure to present it to the state courts. Petitioner responds "the State has been hiding behind the umbrella, or rather the 'petticoat' of procedural default, a bit too much, and is thus creating some of its own jurisprudence ... " (Reply, Doc. No. 9, PageID 409).

Procedural default is neither an umbrella nor a petticoat, but a doctrine of habeas corpus law created by the United States Supreme Court.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th

Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Review of the record makes it clear that Petitioner never presented a claim of ineffective assistance of trial counsel for failure to call Laura Cole as a witness at any stage of the state court proceedings. This portion of the first ground for relief is thus procedurally defaulted.

Even if the Court could reach the merits of this claim, Petitioner has not shown it has any merit. He claims that Ms. Cole's testimony would be highly favorable to him, but without any proof of what she would say, his claim is completely speculative.

The first ground for relief should therefore be dismissed with prejudice.

### Ground Two

In Ground Two Hughes asserts it was an abuse of discretion to fail to instruct the jury on the lesser included offense of aggravated assault.

As noted by Respondent, the Ohio Supreme Court has held that the elements of felonious assault and aggravated assault are the same, except for the mitigating element of serious provocation. *State v. Deem*, 40 Ohio St. 3rd 205 (1988). The burden is on a defendant to come

forward with sufficient evidence to allow the jury to acquit of felonious assault but convict of aggravated assault.

On appeal to the Twelfth District Court of Appeals[1], Hughes asserted that this omission in the jury instructions was a violation of Ohio law (Appellant's Brief, Doc. #5-2, PageID 145). No claim of violation of the United States Constitution is made, nor is there any citation of federal law or state case law enforcing federal constitutional limitations.

The court of appeals decided this issue purely as an issue of state law. Its holding on the relevant assignment of error reads:

> {¶3} Appellant's second assignment of error is overruled on the basis of *State v. Deem* (1988), 40 Ohio St.3d 205. At trial, appellant failed to establish sufficient evidence of serious provocation to merit the inferior-offense instruction of aggravated assault. See, also, *State v. Coleman*, Sandusky App. No. 8-02-041. 2005-0hio-318.

(Journal Entry, Doc. No. 5-2, PageID 166.)

When he appealed *pro se* to the Ohio Supreme Court, Hughes re-worded this claim as Proposition of Law No. II: "Failure to charge the jury on a lesser included offense deprives defendant of Due Process of law warranting reversal." (Memorandum in Support of Jurisdiction, Doc. No. 5-2, PageID 178.) However, in support of this proposition, Hughes made no constitutional argument and cited no cases employing federal constitutional analysis. *Id.* PageID 185-186.

In his Reply, Hughes finally cites one federal case in support of his claim, *Byrd v. Lewis,* 566 F.3d 855 (9th Cir. 2009). In that case the Ninth Circuit, according to the headnote quoted by Hughes, was deciding whether an instruction which embodied the defense theory of the case had to be given when it would have completely absolved the defendant. See quotation in Reply, Doc. No. 9, at

---

[1] Hughes was represented on appeal by different counsel from his trial attorney.

PageID 411. Of course, in this case the instruction not given would not have completely exonerated Hughes, but rather would have reduced, if accepted by the jury, the seriousness of the assault. Also in this case, serious provocation was not the theory of the defense and no instruction to this effect was requested. Instead, the theory was self-defense.

The Twelfth District Court of Appeals denied this claim as a matter of state law, finding that Hughes had not established sufficient facts to warrant a lesser included instruction. A defendant is entitled to a lesser-included offense instruction only when the evidence warrants it. *Beck v. Alabama*, 447 U.S. 625, 636, fn. 12 (1980); *Keeble v. United States*, 412 U.S. 205(1973); *State v. Kilby*, 50 Ohio St. 2d 21, 361 N.E. 2d 1336 (1977). "Due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695 *9 (6th Cir. May 29, 2009), quoting *Hopper v. Evans*, 456 U.S. 605, 611 (1982). Hughes now asserts facts which he claims would be sufficient to support the serious provocation element, but at trial he testified, as noted above, that he had "blacked out." On that state of the evidence, this Court cannot say that the court of appeals decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Therefore the second ground for relief should be dismissed with prejudice. In reaching this conclusion, the Magistrate Judge has not accepted Respondent's procedural default defense because the Twelfth District Court of Appeals did not enforce the default (failure to request the instruction) against Hughes. See *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

**Ground Three**

In Ground Three Petitioner asserts his conviction is against the manifest weight of the evidence. That claim is not cognizable in federal habeas corpus because there is no federal constitutional right not to be convicted against the manifest weight of the evidence. In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997), the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the

> evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus.

Respondent seeks dismissal of the third ground for relief on precisely this basis: that a manifest weight claim is not cognizable in federal habeas corpus. (Return of Writ, Doc. No. 5, PageID 88-90.) Petitioner responds by relying on *Nash v. Eberlin*, 358 Fed. Appx. 761 (6th Cir. 2007). While *Nash* is not a published opinion of the Sixth Circuit and therefore not binding precedent, the Magistrate Judge will follow it and (1) not find any procedural default from Hughes' limitation of his state court argument to manifest weight, (2) liberally construe the Petition as making a claim of insufficiency of the evidence and (3) read the state court of appeals' decision that the conviction was not against the manifest weight of the evidence as "necessarily impl[ying] a finding that [Hughes'] conviction was also supported by sufficient evidence." *Id.* at 762. See also

-8-

*State v. Lee*, 158 Ohio App. 3d 129, 2004 Ohio 3946, 814 N.E.2d 112, 115 (Ohio App. 9th Dist. 2004), cited in *Nash* at 765.

The court of appeals ruling on the manifest weight assignment of error reads

> {¶ 4} Appellant's third assignment of error, claiming his convictions are against the manifest weight of the evidence, is overruled on the basis of *State v. Thompkins*, 78 Ohio St3d 380, 1997-0hio-52. After reviewing the record, weighing the evidence and all reasonable inferences, we cannot say that the jury clearly lost its way and that the convictions must be reversed.

(Judgment Entry, Doc. No. 5-2, PageID 175). The court of appeals relied on *State v. Thompkins, supra,* which in turn cites the correct federal standard in *Jackson v. Virginia*, 443 U.S. 307 (1979):

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *See also United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). Once a state court has applied this deferential standard to the jury's verdict, the role of the federal habeas court is not to second guess that decision, but to determine whether it is or is not an objectively reasonable application of *Jackson v. Virginia*. 28 U.S.C. § 2254(d)(1).

Applying that standard, the Magistrate Judge concludes the Twelfth District's opinion was a completely reasonable application of *Jackson*. There was ample evidence that Hughes struck Byrd, the victim, with a baseball bat, which certainly can be a deadly weapon when used on the human body. There was further ample evidence that Hughes caused serious physical harm to Byrd, whose leg bone was shattered. Therefore the third ground for relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree, the Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

April 27, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).